## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO.: 8:14-cv-01389-MSS-AEP

**JOSEPH FORLIZZO,**

   Plaintiff,

v.

**ALLIED INTERSTATE LLC,**

   Defendant.

_____

### ALLIED INTERSTATE LLC'S MOTION OF DEFENDANT TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
### (Dispositive Motion)

Defendant, Allied Interstate LLC ("Allied"), by and through undersigned counsel, respectfully requests the Court dismiss the Complaint [ECF 2] of Plaintiff, Joseph Forlizzo (the "Plaintiff") with prejudice for failing to state a claim upon which relief can be granted.  As grounds in support thereof, Allied respectfully states:

1.      Plaintiff filed his Complaint in the County Court in and for Pinellas County, Florida, Small Claims Division, on or about May 19, 2014.  On June 11, 2014, Allied removed the case to this Court [ECF 1].

2.      Plaintiff's Complaint contains two counts, one alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and a second alleging a violation of the Florida Consumer Collection Practices Act ("FCCPA"), which is essentially the State of Florida's remedy for many of the same violations of law that the FDCPA contains.

3.      The relevant factual allegations of the Complaint are contained in Paragraph 9 through 13.  Specifically, within the allegations, the Plaintiff alleges that a) he had no prior

relationship with Allied; b) he received a letter from Allied in February 2014 that contained the required disclosures that Allied was a debt collector and was attempting to collect a debt; c) that Plaintiff sent a letter to Allied requesting validation of the debt; and d) Allied did not respond to the verification letter.

4.     Importantly, the Complaint contains no allegations that Allied contacted Plaintiff after he requested validation, that Allied continued to attempt to collect the debt in question or any other allegations that Allied violated other provisions of the FDCPA or FCCPA.

5.     The crux of the Plaintiff's legal claims are that Allied violated both the FDCPA and FCCPA by attempting to collect a debt that Allied knew was not legitimate.  However, the Plaintiff's Complaint does not contain any allegations, other than the fact that Allied did not respond to the validation letter, with regards to Allied's attempts to collect the debt.

6.     As set forth below, there is substantial case law that states that debt collectors are not required to respond validation requests and that the decision of a debt collector to not respond to a validation request, and instead take no further action on the debt, is not a violation of the FDCPA or the FCCPA.  Accordingly, the Plaintiff's Complaint must be dismissed because the Plaintiff has failed to state a cause of action upon which relief could be granted.

## MEMORANDUM OF LAW

By way of this Motion, Allied seeks dismissal of Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) as the Complaint fails to state a claim upon which relief can be granted.  The legal standards for motions to dismiss are well known and not subject to dispute.  On a motion to dismiss, the well pleaded facts stated in the complaint and all reasonable references therefrom are taken as true.  *Bickley v. Caremark Rx, Inc*., 461 F.3d 1325, 1328 (11th Cir. 2006) (citation omitted).  Furthermore, any exhibits attached to the complaint can be considered in passing on a motion to dismiss.  *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510

(11th Cir. 1993) ("All facts set forth in the complaint are to be accepted as true and the court

limits its consideration to the pleadings and exhibits attached thereto.") (citation omitted).

Additionally, as the Supreme Court recently stated in the *Twombly/Iqbal* cases,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face." A claim
> has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 137 L. Ed. 2d 868 (2009) (citing *Bell

Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The focus of the Plaintiff's allegations in this case are that Allied somehow violated the

FDCPA and FCCPA when it did not respond to the validation letter that the Plaintiff sent to

Allied upon receiving Allied's initial correspondence.   Unfortunately for the Plaintiff, the

decision by the debt collector to not respond to a validation request does not constitute a

violation of the FDCPA or the FCCPA.  Although the Court of Appeals for the Eleventh Circuit

does not appear have ruled on the issue, several other courts of appeal have uniformly held that a

debt collector who does not respond to a validation request and instead ceases all collection

activity has not violated the FDCPA.  The courts generally base this conclusion on the language

of 15 U.S.C. § 1692g(b), which reads as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period
> described in subsection (a) of this section that the debt, or any portion thereof,
> is disputed, or that the consumer requests the name and address of the original
> creditor, the debt collector shall cease collection of the debt, or any disputed
> portion thereof, until the debt collector obtains verification of the debt or a copy
> of the judgment, or the name and address of the original creditor, and a copy of
> such verification or judgment, or name and address of the original creditor, is
> mailed to the consumer by the debt collector.

Based on the statutory language, every court of appeals that has addressed the question has ruled that a debt collector who chooses to simply stop collection attempts after receiving a verification request and does not respond to the verification request does not violate the FDCPA. In *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992) the court found that "defendant did follow the guidelines of 15 U.S.C. § 1692g(b) by ceasing and desisting from collection of the debt. Because defendant ceased collection activities, **defendant was not obligated to send a separate validation of the debt to plaintiff**." *Transworld Systems,* 954 F.2d at 1031 (emphasis added).  In *Jang v. A.M. Miller & Associates*, 122 F.3d 480 (7th Cir. 1997) the Seventh Circuit addressed a similar argument and affirmed the dismissal of the consumer's complaint when the debt collector in that case likewise chose not to validate the debts and simply stopped collection activities:

> Section 1692g(b) thus gives debt collectors two options when they receive requests for validation.  They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities. After requiring debt collectors to promise verification upon request, the statute allows debt collectors to sidestep this requirement by ceasing all collection activities.

*Id*. at 483-484 (citations omitted).  More recently, in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 928 (9th Cir. 2007) the Ninth Circuit, citing to both *Jang* and *Smith*, agreed that a debt collector who chooses to cease all collection activities in response to a verification letter does not violate the FDCPA.  In so ruling, the *Guerrero* court stated:

> We agree with the Seventh Circuit's interpretation of [Section 1692g(b)] in *Jang* … In *Jang*, consumer plaintiffs claimed that defendants, two debt collection agencies, violated the Act because they never verified the alleged debts after plaintiffs disputed them. The Seventh Circuit, affirming the district court's grant of defendants' motion to dismiss, noted correctly that the Act "does not require debt collectors to actually provide validation. Rather, it requires that the debt collector cease all collection activity until it provides the requested validation to the debtor."

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida ● Telephone 954.745.5880

> A collector, notified that a debt is disputed, thus has a choice. As the Court in *Jang* put it, the collector "may provide the requested validations and continue their [sic] debt collection activities, or [it] may cease all collection activities." It would make little sense to impose an independent obligation to verify an alleged debt on a collector who, for example, decides a disputed debt is not worth the effort and chooses to close or sell the account. Or, as the close in *Jang* noted, on a collector who, upon receiving a dispute notice, realizes the consumer does not in fact owe the debt and so abandons all costly collection efforts.

*Guerrero*, 499 F.3d at 940 (citing to *Jang* and *Transworld*).  Finally, in *Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030 (D. Minn. 2010) the court summed up the holdings of *Jang* and *Smith* as follows:

> Under the FDCPA, a debt collector who receives a written dispute of a debt from a consumer need not verify the debt at all but can instead cease efforts to collect the disputed debt … the FDCPA does not mandate that a debt collector verify a debt after receiving a dispute from a consumer.  Rather, it requires the debt collector to "cease collection of the debt" until it is has verified the debt to the consumer.  If a debt collector wishes, it can permanently cease collection efforts and *never* verify the debt to the consumer.

*Id.* at , 1036-1038 (citing to *Jang* and *Smith*).

The only action the Plaintiff complains that Allied undertook – or perhaps more importantly, did not undertake – was that Allied failed to validate the debt after Plaintiff sent a validation request. From there, Plaintiff alleges that Allied's failure to do so somehow constituted a violation of the FDCPA.  As the cases set forth above uniformly hold, a debt collector who chooses to not validate the debt, does not violate the FDCPA.  Accordingly, Plaintiff's claims must be dismissed with prejudice as they do not constitute a violation of the FDCPA.

With regards to Plaintiff's FCCPA claims, the allegations contained in the Complaint likewise do not violate the statute.  Fla.Stat. § 559.77(5) states that "[I]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection

Practices Act." Because the federal courts have uniformly held that a debt collector who does not validate a debt does not violate the FDCPA, given the Florida Legislature's directive that the FCCPA should be interpreted consistently with the FDCPA, Plaintiff's FCCPA claims likewise must be dismissed. Simply put, when the Plaintiff requested validation, Allied chose to take no further action on the debt. Allied was completely within its rights when it chose this path. Accordingly, Plaintiff's Complaint must be dismissed with prejudice based on the Plaintiff's inability to state a claim upon which relief can be granted.

WHEREFORE, for the reasons stated herein, Allied respectfully requests the Court grant this Motion, dismiss the Plaintiff's Complaint with prejudice, retain jurisdiction to award Allied its attorney's fees and costs if such an award is appropriate as well as grant any further relief the Court deems appropriate under the circumstances.

Dated this 18th day of June, 2014.

> **SLATKIN & REYNOLDS, P.A.**
> Attorneys for Allied Interstate LLC
> One East Broward Boulevard, Suite 609
> Fort Lauderdale, Florida 33301
> Telephone 954.745.5880
> Facsimile 954.745.5890
> Email: rreynolds@slatkinreynolds.com
>
> By: /s/ Robert F. Reynolds
>      ROBERT F. REYNOLDS
>      Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via U.S. mail to Joseph Forlizzo, 2755 Curlew Road, #85, Palm Harbor, FL, 34684 on this 18th day of June, 2014.

> /s/ Robert F. Reynolds
> ROBERT F. REYNOLDS